LOCAL FORM 3015-1
REVISED 09/2025

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: White, Tomika Latae

Case No. 26-40213

CHAPTER 13 PLAN ☑ Modified

Dated 06/12/2026

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee **$1,000.00** (including balance on hand of **$925.92** ).

2.2 After the date of this plan, the debtor will pay the trustee: **$51,800.00** .

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $925.00 | 5 (06/2026) | 60 (01/2031) | 56 | $51,800.00 |
| | | | PART 2.2 SUBTOTAL: | **$51,800.00** |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee ______________________.

2.5 The debtor will pay the trustee a total of **$52,800.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200 or $2,000.**
.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$5,280.00** [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

LOCAL FORM 3015-1
REVISED 09/2025

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of property |
|---|---|---|
| 4.1 | Premier Management and Development | 2618 West 44th Street Apartment 207, Minneapolis, MN, 55410<br>Contract to be ASSUMED |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | One Main Financial | 2013 Chevrolet Impala | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $125.00 | | ☑ Debtor<br>☐ Trustee | | $0.00 | | $0.00 | $0.00 |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **None** | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Walker & Walker Law Offices, PLLC | $4,346.00 | 06/26 | $830.00 | 5 | $4,150.00 | $0.00 | $4,346.00 |
| | | | 11/26 | $196.00 | 1 | $196.00 | | |
| 8.2 | Internal Revenue Service | $15,866.00 | | Pro-Rata | | $15,866.00 | $0.00 | $15,866.00 |
| 8.3 | Minnesota Department of Revenue | $1,101.65 | | Pro-Rata | | $1,101.65 | $0.00 | $1,101.65 |
| | | | | | | | TOTAL: | **$21,313.65** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | |
| | | | | | | | TOTAL: | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | |
| | | | | | | | | TOTAL: | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis.
**All following entries are estimates.**

LOCAL FORM 3015-1
REVISED 09/2025

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $110,825.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $110,825.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 23.57% |

| | |
|---|---|
| Estimated remaining payments | $25,508.85 |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | $25,508.85 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property<br>*(including the complete legal description of real property)* |
|---|---|---|
| | **None** | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ❑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): ____________.<br>❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): ____________. The amount of the unsecured claim is (line f): ____________. |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor’s interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee’s discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

LOCAL FORM 3015-1
REVISED 09/2025

| | |
|---|---|
| 15.1 | **1305 claims**<br>Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the Internal Revenue Service or Minnesota Department of Revenue for taxes that become payable while the case is pending. The trustee shall only pay Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
| 15.2 | **Post-Petition Consumer Debt**<br>Approval by the Bankruptcy Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring a consumer debt while this case is pending, but the holder of the claim against the debtor based upon such debt is subject to § 1305. |
| 15.3 | **Surrender and Relief From Stay**<br>Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case. |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $5,280.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $0.00 |
| Secured claims excluded from § 506 [Part 7] | $0.00 |
| Priority claims [Part 8] | $21,313.65 |
| Domestic support obligation claims [Part 9] | $0.00 |
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $26,206.35 |
| TOTAL (must equal line 2.5) | $52,800.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **s/ Andrew C. Walker**

Andrew C. Walker
Attorney for debtor
Bar Number: 0392525
Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409
Phone: (612) 824-4357
Fax: (612) 824-8005
Email: andrew@bankruptcytruth.com

Signed: **s/ Tomika Latae White**
Tomika Latae White
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MINNESOTA

In re: White, Tomika
Debtor(s)

Case No. 26-40213
Chapter 13 Case

NOTICE OF CONFIRMATION HEARING AND NOTICE OF MODIFIED PLAN

To: Gregory Burrell, the U.S. Trustee, and other entities specified in Local Rule 1007-2(a):

1. The debtor(s) have filed a preconfirmation modified plan and it will be considered at the confirmation hearing in this case set forth below.

2. The court will hold a hearing on this motion at 9:00 AM on 07/16/2026. The hearing will be conducted telephonically.

3. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

4. Any objection to this plan must be filed and served on or before 07/14/2026.

WHEREFORE, the Debtor(s) respectfully request(s) the Court to confirm the modified plan.

Dated: 06/12/2026.

/s/ Andrew C. Walker
Andrew C. Walker #392525
Walker and Walker Law Offices, PLLC
Attorney for debtor(s)
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: White, Tomika
Debtor(s)

Case No. 26-40213

## UNSWORN CERTIFICATE OF SERVICE

I, Al Rodriguez , Declare under penalty of perjury that on 06/12/2026, I mailed copies of the foregoing Notice of Confirmation Hearing and Notice Of PreConfirmation Modified Plan by first class mail, postage prepaid, or by electronic mail using ECF to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
100 South 5th St. No. 480
Minneapolis, MN 55402

And creditors on the attached list

Executed on: 06/12/2026

/e/ Al Rodriguez

Label Matrix for local noticing
0864-4
Case 26-40213
District of Minnesota
Minneapolis
Fri Jun 12 11:49:29 CDT 2026

Minneapolis
301 Diana E. Murphy U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415-1320

AT&T Services, Inc.
by AIS InfoSource LP as agent
Karen Cavagnaro, Esq.
1 AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

American Accounts & Advisers, INC
7460 80th St S
Cottage Grove, MN 55016-3007

(p)ASPEN DENTAL
PO BOX 1578
ALBANY NY 12201-1578

Capital One
PO Box 31293
Salt Lake City, UT 84131-0293

Celtic Bank
268 S State St Ste 300
Salt Lake City, UT 84111-5314

Celtic Bank/Surge
Attn: Surge
268 S State St Ste 300
Salt Lake Cty, UT 84111-5314

Credit Collection
PO Box 607
Norwood, MA 02062-0607

Credit One
Po Box 98872
Las Vegas, NV 89193-8872

Discover Card
PO Box 30923
Salt Lake City, UT 84130-0923

(p)FIRST NATIONAL BANK
ATTN BANKRUPTCY
1500 S HIGHLINE AVE
SIOUX FALLS SD 57110-1003

Fetti Fingerhut / Web Bank
6250 Ridgewood Rd
Saint Cloud, MN 56303-0820

Fortiva Credit Card
Po Box 105555
Atlanta, GA 30348-5555

Health Partners
8170 33rd Ave S
Minneapolis, MN 55425-1614

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JEFFCAPSYS
Attn: Bankruptcy Department
420 Montgomery St
San Francisco, CA 94104-1207

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Kohls
Po Box 3043
Milwaukee, WI 53201-3043

LVNV Funding
PO Box 10497
Greenville, SC 29603-0497

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Messerli & Kramer
3033 Campus Dr
Plymouth, MN 55441-2685

(p)HEALTH BILLING SYSTEMS
14700 28TH AVE N
STE 20
PLYMOUTH MN 55447-4876

Midland Credit Management
350 Camino De La Reina Suite 100
San Diego, CA 92108-3007

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Minnesota Department of Revenue
551 Bkcy Section
PO Box 64447
St Paul, MN 55164-0447

Minnesota Department of Revenue
PO Box 64447-BKY
St Paul, MN 55164-0447

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

One Main Financial
Po Box 3251
Evansville, IN 47731-3251

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Premier Management and Development
755 Selby AVE A
Saint Paul, MN 55104-7665

(p)SPRING OAKS CAPITAL LLC
1400 CROSSWAYS BLVD STE 100B
CHESAPEAKE VA 23320-0207

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

Upstart Loan Operation
Po Box 1503
San Carlos, CA 94070-7503

WEBBANK/AVANT
222 Merchandise Mart Plz Ste 900
Chicago, IL 60654-1105

Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409-2033

Andrew C. Walker
Walker & Walker Law Offices PLLC
4356 Nicollet Ave S
Minneapolis, MN 55409-2033

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

Tomika Latae White
2618 W 44th St Apt 207
Minneapolis, MN 55410-1963

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Aspen Dental
2400 West 41st Street
Sioux Falls, SD 57105

FNCC
500 East 60th St N
Sioux Falls, SD 57104

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

Metropolitan Anesthesia Network
14700 28th Ave N Ste 20
Minneapolis, MN 55447-4876

Mohela/Dept of Ed
633 Spirit Dr
Chesterfield, MO 63005-1243

PORTFOLIO RC
120 Corporate Blvd Ste 100
Norfolk, VA 23502-4952

(d)Portfolio Recovery Associates, LLC
c/o Credit Asset Sales LLC
POB 12914
Norfolk VA 23541

Spring Oaks Capital SPV, LLC
PO BOX 1216
CHESAPEAKE, VA 23327-1216

(d)US Department of Education/MOHELA
633 Spirit Dr.
Chesterfield, MO 63005

End of Label Matrix
Mailable recipients 38
Bypassed recipients 0
Total 38